

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-28-2008

# Patterson v. Shelton

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2778

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Patterson v. Shelton" (2008). *2008 Decisions.* Paper 187.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/187

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2109

_____

THE TRUSTEES OF THE GENERAL ASSEMBLY
OF THE CHURCH OF THE LORD JESUS
CHRIST OF THE APOSTOLIC FAITH, INC.,

*Appellant*,

v.

ANTHONEE PATTERSON; KENNETH SHELTON

Consolidated Appeal from the United States
District Court for the Eastern District of Pennsylvania
(Civ. No. 07-0024)
District Court Judge: Honorable Anita B. Brody

_____

Nos. 07-2270, 07-2378, 07-2392, 07-2419 & 07-2778

_____

ANTHONEE PATTERSON, as General Overseer of the
Minority Faction of TRUSTEES OF THE GENERAL
ASSEMBLY OF THE CHURCH OF THE LORD JESUS
CHRIST OF THE APOSTOLIC FAITH, INC.,

v.

KENNETH SHELTON, individually and as the
General Overseer of the TRUSTEES OF THE
GENERAL ASSEMBLY OF THE CHURCH OF THE
LORD JESUS CHRIST OF THE APOSTOLIC FAITH, INC.

TRUSTEES OF THE GENERAL ASSEMBLY OF THE CHURCH
OF THE LORD JESUS CHRIST AND THE APOSTOLIC

FAITH, INC.; INDIVIDUAL TRUSTEES OF THE
TRUSTEES GENERAL ASSEMBLY OF THE CHURCH OF
THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH, INC.,
JOHN C. S. THOMAS, J. LEON BLIGEN, ERIK SHELTON,
A. WOODARD REAGAN, JOHN R. BROWN, JAMES H. BROWN, I,
AND ANTHONY E. LAMB; THE GENERAL ASSEMBLY OF THE
CHURCH OF THE LORD JESUS CHRIST OF THE
APOSTOLIC FAITH,

*Intervenors in District Court*

ANTHONEE PATTERSON, as General Overseer of the
Minority Faction of TRUSTEES OF THE GENERAL
ASSEMBLY OF THE CHURCH OF THE LORD JESUS
CHRIST OF THE APOSTOLIC FAITH, INC.,

*Appellant in No. 07-2270*

TRUSTEES OF THE GENERAL ASSEMBLY OF THE CHURCH
OF THE LORD JESUS CHRIST OF THE APOSTOLIC FAITH, INC.,

*Appellants in No. 07-2378*

KENNETH SHELTON,

*Appellant in No. 07-2392*

GENERAL ASSEMBLY OF THE CHURCH OF THE LORD
JESUS CHRIST OF THE APOSTOLIC FAITH BY CHURCH
MEMBERS CARLTON MORRISON, DIANE TAYLOR,
ANDREW SCOTT, AND C. KATHERLINE WILLIAMS,
TRUSTEES AD LITEM, AND CARLTON MORRISON,
DIANE TAYLOR, ANDREW SCOTT, AND C. KATHERLINE WILLIAMS
(COLLECTIVELY THE 'GENERAL ASSEMBLY' OR 'INTERVENORS'),

*Appellants in No. 07-2419*

INDIVIDUAL TRUSTEES OF THE TRUSTEES OF THE
GENERAL ASSEMBLY OF THE CHURCH OF THE LORD
JESUS CHRIST OF THE APOSTOLIC FAITH, INC.;
SPECIFICALLY, JOHN C. S. THOMAS, J. LEON BLIGEN,
ERIK SHELTON, A. WOODARD REAGAN,

JOHN R. BROWN, JAMES H. BROWN, I, AND
ANTHONY E. LAMB,

*Appellants in No. 07-2778*


Consolidated Appeal from the United States
District Court for the Eastern District of Pennsylvania
(Civ. No. 06-5060)
District Court Judge: Honorable Anita B. Brody

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 21, 2008

_____

Before: FUENTES, HARDIMAN and GARTH, *Circuit Judges*

(Opinion Filed:   November 28, 2008)

_____

**OPINION**

_____


GARTH, *Circuit Judge*:

Anthonee Patterson ("Patterson") was a member of the Church of the Lord Jesus

Christ of the Apostolic Faith ("the Church").  In 1995, Patterson sued fellow congregant

and then-head of the Church Kenneth Shelton ("Shelton")[1] and his brother Erik for an

accounting of funds, and for appointment of a receiver, alleging misappropriation.

_____

[1]  Also involved in this case are the Intervenors on appeal: The General Assembly
of the Church, the Individual Trustees of the General Assembly of the Church, and the
Trustees of the General Assembly of the Church (the Church Corporation), who adopt
the arguments set forth in Shelton's brief.

Shelton filed a counterclaim for fraud. The parties agreed in 2006 to arbitrate the claims before retired Magistrate Judge Edwin Naythons.

Judge Naythons found in favor of Patterson in a series of awards on April 26, 2006, May 8, 2006, May 16, 2006, and October 3, 2006. The April 26, 2006 award was the principal judgment finding Shelton and his affiliates liable for various acts. Patterson petitioned to confirm that award in the Philadelphia Court of Common Pleas. That Court confirmed the award on July 10, 2006.[2] Shelton appealed.

Patterson also sought to confirm the October 3, 2006 award, which awarded damages. Shelton opposed the confirmation of the October 3, 2006 award.[3] On January 31, 2008, the Commonwealth Court of Pennsylvania, in ruling on Shelton's appeal of July 10, 2006, reversed the Court of Common Pleas' confirmation of the April 26, 2006 award, and instructed the Court of Common Pleas to vacate all of Judge Naythons's awards on the grounds that Judge Naythons had exceeded the scope of his authority. It thereupon remanded the case to the Court of Common Pleas "to conduct the proper proceedings consistent with the foregoing opinion to determine whether Anthonee J. Patterson is entitled to relief pursuant to the Pennsylvania Nonprofit Corporation Law." Supp. Appx. 232.

---

[2] The record indicates that the May 8, 2006 award was also confirmed. Appx. 51. It is questionable, however, if the May 16, 2006 award was confirmed. Appx. 51, 58.

[3] This appeal from the confirmation of the October 3, 2006 award remained pending at the time Patterson filed his action in the United States District Court for the Eastern District of Pennsylvania, on November 15, 2006.

Patterson filed a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania. On November 15, 2006, Patterson filed a Petition/Motion to confirm the awards in the United States District Court for the Eastern District of Pennsylvania pursuant to the Federal Arbitration Act ("FAA").[4] Shelton and several intervening Church entities moved to dismiss and/or vacate the petition for lack of subject matter jurisdiction or, alternatively, for Judge Naythons's failure to set forth a proper award, for partiality and misconduct, for exceeding the scope of his powers, and for manifestly disregarding the law. Supp. Appx. 128.

On April 6, 2007, the District Court held a telephone conference to discuss jurisdiction. The parties argued that jurisdiction was based upon diversity since Patterson was from Florida and Shelton was from Pennsylvania. However, when pressed further, counsel for Patterson indicated that "the minority trustees" were also plaintiffs – although not named in the caption – and that counsel, himself, was one of the trustees, and he resided in Pennsylvania. Appx. 122. The District Court dismissed the case sua sponte for lack of diversity jurisdiction.

On April 25, 2007, Patterson filed a timely notice of appeal of the District Court's dismissal.[5] This Court has jurisdiction pursuant to 28 U.S.C. § 1291. The District

---

[4] 9 U.S.C. § 1 et seq.

[5] While Patterson's federal appeal of the District Court's order of dismissal was pending before us, we were notified that the Pennsylvania Supreme Court denied Patterson's Petition for Allowance of Appeal, thus leaving undisturbed the Commonwealth Court's order vacating the arbitration awards and remanding for further

Court's jurisdiction under 28 U.S.C. § 1332 is in question.

"We review de novo the District Court's dismissal for lack of [diversity] jurisdiction." Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007). The FAA does not create independent federal question jurisdiction. The Supreme Court has held that an independent basis for jurisdiction must exist, such as diversity. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26 n.32 (1983). We agree with Shelton that there is insufficient evidence of the residence of the parties to satisfy our diversity jurisdiction requirements. The petition need not affirmatively allege diversity jurisdiction if the parties otherwise plead the elements. See Smith Barney, Inc. v. Sarver, 108 F.3d 92, 95 (6th Cir. 1997); Averbach v. Rival Mfg. Co., 809 F.2d 1016, 1019 (3d Cir. 1987). However, Patterson has not satisfied this standard. We will affirm the District Court's holding that the lack of diversity jurisdiction mandated a dismissal of the action.[6]

The motion to expand the record is accordingly denied.

----

proceedings.

[6] Shelton had raised the issues of res judicata and collateral estoppel in his brief on appeal to us. In light of our affirmance of the District Court's dismissal based on lack of diversity jurisdiction, we do not address Shelton's issues.